JOSEPH H. AINLEY (SBN 141230)
JHA LAW OFFICES
28 North First Street, Suites 520-540
San Jose, CA  95113
(408) 465-4518
(408) 834-7630  Facsimile

DAVID A. LOWE (SBN: 178811)
JOHN T. MULLAN (SBN: 221149)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
Email:  dal@rezlaw.com
Email:  jtm@rezlaw.com

Attorneys for Plaintiff
RAYMOND VACA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VACA, individually, and on behalf of All Others Similarly Situated for the Benefit of All with Common or General Interest,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TEMPLE- INLAND, INC., INTERNATIONAL PAPER, INC., and DOES 1-10, inclusive<br><br>　　　　　Defendants.　　　　　　　／ | Case No. 5:12-cv-01425-PSG<br><br>CLASS ACTION<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF, PURSUANT TO CIVIL LOCAL RULES 7-11 AND 16-2(d), FOR CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Before:　Magistrate Judge Paul Singh Grewal<br>　　　　　Courtroom 5 - 4th Floor |

## I. INTRODUCTION AND REQUESTED RELIEF

On April 4, 2012 the Court re-set the initial case management conference in this case for 2:00 pm on May 22, 2012, a time and date on which Plaintiff's counsel David Lowe will be on a previously booked flight to Cleveland and therefore unavailable. Having met and conferred with all counsel as to their availability, Plaintiff Raymond Vaca respectfully requests that this Court continue the May 22, 2012 initial case management conference until June 26, 2012 at 2:00 p.m., pursuant to Civil Local Rules 7-11 and 16-2(d) of the United States District Court for the Northern District of California.

## II. BACKGROUND

On or about January 25, 2012, Plaintiff Raymond Vaca, on behalf of himself and others similarly situated, filed a Complaint against Defendants in the Superior Court of the State of California, County of Santa Clara. In that Complaint, Plaintiff asserts five classwide wage and hour causes of action against Defendants stemming from the employment of Plaintiff and putative class members. Before serving the Complaint, Plaintiff amended his complaint on or about February 17, 2012, although he continues to assert the same five causes of action. Plaintiff served Defendants with the First Amended Complaint on or about February 21, 2012.

On March 21, 2012, Defendants timely filed a Notice of Removal (and supporting documents) with this Court. After receipt of Defendants' Notice of Removal, and on that same date, this Court issued an Order Setting Initial Case Management Conference and ADR Deadlines. In that Order, the Court set the initial case management conference for Tuesday, June 19, 2012 at 2:00 p.m.

On March 22, 2012, the Clerk of Court issued a notice to all parties <u>resetting</u> the initial case management conference for Tuesday, April 10, 2012. The Clerk of Court also reset the deadline for the parties to submit a joint case management conference to April 3, 2012, and reset the deadline for the parties to either consent or decline to proceed before a United States magistrate judge for that same date. Defendants filed an administrative motion to continue the initial case management conference, which the Court granted. Defendants' motion had requested that the case management be set for May 8, 2012 or the next available date. The Court

re-set the conference for May 22, a date on which Plaintiff's counsel David Lowe is unfortunately unavailable due to a previously scheduled trip out of state.

### III.   DISCUSSION

Due to the unavailability of Plaintiffs' counsel on the May 22 date set by the Court for the initial case management conference, Plaintiffs request, pursuant to Civil Local Rules 7-11 and 16-2(d) of the United States District Court for the Northern District of California, that the case management conference be re-set for June 26, 2012—a date on which all counsel are available. Plaintiffs' counsel's conflicting travel plans were set (and paid for) months before the Court re-set the case management conference for May 22.  The June 26 date is only one week after the date initially set by the Court for the initial case management conference.  The parties are already meeting and conferring and will have completed the Rule 26 conference and submitted the joint case management conference statement well in advance of the case management conference.

### IV.   CONCLUSION

Plaintiff's respectfully requests that the Court: (a) continue the May 22, 2012 initial case management conference until June 26, 2012 at 2:00 p.m.

DATED:  April 19, 2012                    Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, LLP

JHA LAW OFFICES

By:   */s/ David A. Lowe*
         DAVID A. LOWE
         Attorneys for Plaintiff

2

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF, PURSUANT TO CIVIL LOCAL RULES 7-11 AND 16-2(D), FOR CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE
CASE NO. 5:12-CV-01425-PSG