| | |
|---|---|
| 1 | JOSEPH H. AINLEY (SBN 141230) |
|   | JHA LAW OFFICES |
| 2 | 28 North First Street, Suites 520-540 |
|   | San Jose, CA  95113 |
| 3 | Telephone: (408) 465-4518 |
|   | Facsimile:  (408) 834-7630 |

IT IS SO ORDERED AS MODIFIED.
Paul S. Grewal
Judge Paul S. Grewal

DAVID A. LOWE (SBN: 178811)
JOHN T. MULLAN (SBN: 221149)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
Email:  dal@rezlaw.com
Email:  jtm@rezlaw.com

Attorneys for Plaintiff
RAYMOND VACA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VACA, individually, and on behalf of All Others Similarly Situated for the Benefit of All with Common or General Interest, | Case No. 5:12-cv-01425-PSG |
| | CLASS ACTION |
| Plaintiff, | [**PROPOSED**] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| vs. | |
| TIN, INC., dba TEMPLE-INLAND, INC., and DOES 1-10, inclusive | Date:    June 18, 2013 |
| | Time:    10:00 a.m. |
| Defendants. | Before:  Magistrate Judge Paul Singh Grewal |
| | Courtroom 5 - 4th Floor |
| _____/ | |

1
[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-01425-PSG

Plaintiff's Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement came on for regularly scheduled hearing in this Court on June 18, 2013 at 10:00 a.m., before the Honorable Paul Singh Grewal in Courtroom 5 of this Court.

After consideration of this Motion, the pleadings and argument of counsel, supporting declarations and documents, the Stipulation and Settlement Agreement of Class Action and Individual Claims, and other papers and pleadings on file, the Court finds and determines pursuant to Federal Rule of Civil Procedure 23 that Plaintiff's Motion for Preliminary Approval should be **GRANTED**.

**THE COURT FINDS**:

1. To the extent defined in the Stipulation and Settlement Agreement of Class Action and Individual Claims (the "Agreement"), attached as Exhibit A herewith and incorporated by reference herein, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this action, the Defendants and the Class.

3. The Court has determined that the Class Notice accurately informs all persons in the Class of all material elements of the proposed Settlement --- including the plan of distribution of the Settlement Payment, the application for an incentive award to the Named Plaintiff and the application for a fee and expense award to Class Counsel, --- constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to all Class Members, and complies fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.  The Court hereby approves the form and content of the Class Notice, which is attached to the Agreement as Exhibit 1.

4. The Court hereby preliminarily approves the Settlement as fair, reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The Settlement Class, for purposes of the proposed settlement only and with no other effect on this litigation or any other proceeding, including if the Agreement ultimately is not

approved or final judgment is not entered, is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

> All persons who, according to IP's payroll records, worked as Corrugator or Converter Facilitators, Supervisors, Lead Men, or Working Foremen in a plant operated by TIN, Inc. dba Temple-Inland, Inc. in the state of California at any time between January 26, 2008 and the date of Preliminary Approval.

6. For purposes of the proposed settlement only, the Settlement Class, consisting of approximately 110 Class Members, is sufficiently numerous that joinder is not practicable.

7. For purposes of the proposed settlement only, the Class Members' claims all stem from the same source – their employment by Defendants as Corrugator or Converter Facilitators, Supervisors, Lead Men, or Working Foremen (collectively "Class Positions"), their classification as exempt employees, and their non-receipt of overtime wages for their overtime hours worked – and there are questions of law and fact common to the members of the Settlement Class. The questions of law and fact common to the members of the Settlement Class include:

- Whether Defendants' policy and practice of classifying the Settlement Class Members as exempt from overtime entitlement and failing to pay overtime to the Settlement Class members violates applicable law, including applicable statutory and regulatory authority; and
- Whether Defendants unlawfully failed to pay compensation to Settlement Class Members for missed meal and rest periods in violation of the UCL and applicable California wage and hour laws; and
- Whether Defendants unlawfully failed to keep and furnish Settlement Class Members with records of hours worked, in violation of applicable law.

As Plaintiff need only establish one common question of law or fact in order to meet the low threshold set by Rule 23(a)(2), Plaintiff's above showing of common issues satisfies what is required for settlement purposes.

8. For purposes of the proposed settlement only, the proposed Class Representative's claims are typical of those of the Class that he seeks to represent because the Class Members' claims all arise out of Defendants' uniform policy of classifying Class Positions as exempt, and of refusing to pay them overtime compensation for overtime hours worked.

9. For purposes of the proposed settlement only, the proposed Class Representative has fairly and adequately protected the interests of the Settlement Class. He has retained counsel

who have the experience and resources necessary to provide adequate representation of the Classes and meet the requirements of Rule 23(g)(1) for settlement purposes.

10. For purposes of the proposed settlement only, the Class Action Settlement and Plan of Distribution ("Proposed Settlement") is preliminarily approved as follows:

- "Authorized Claimants'" shares of the Net Settlement Fund, shall be calculated *pro rata* based on their weeks worked during the class period.

- Authorized Claimants who worked in a Class Position during the PAGA Period will each receive an additional lump sum payment as their share of the $2,500 of the Net Settlement Fund which is attributable to PAGA claims. The individual lump sum payments will be determined by dividing the $2,500 by the total number of Authorized Claimants who worked in a Class Position during the PAGA Period.

- Any amount remaining in the Settlement Fund after distribution to the members of the Settlement Class as set forth above based upon the agreed upon formula (for example due to settlement checks returned undeliverable or the failure of Settlement Class Members to negotiate settlement checks), if less than 25% of the Net Settlement Fund, will be divided equally and paid as a *cy pres* charitable contribution to the International Paper Employee Relief Fund and the Legal Aid Society of Santa Clara County. If the residual amount exceeds 25% of the Net Settlement Fund, the Settlement Administrator shall proceed with a second distribution to the Settlement Class.

11. For purposes of the proposed settlement only, the proposed incentive award of $5,000 to the Named Plaintiff is fair and reasonable in recognition of his time and effort expended on behalf of the Settlement Class.

12. Plaintiff Counsel's (Class Counsel's) claims for the reasonable fee and expense award will be resolved at the time of the Final Approval hearing.

13. For purposes of the proposed settlement only, the proposed settlement administrators are experienced and the proposed limit of $30,000 for settlement administration services is reasonable in light of the administration of the Proposed Class Settlement.

In light of the foregoing and good cause appearing, the Court **GRANTS**:

(1) Provisional Certification of the Proposed Settlement Class described as: "all persons who, according to IP's payroll records, worked as Corrugator or Converter Facilitators, Supervisors, Lead Men, or Working Foremen in a plant operated by

TIN, Inc. dba Temple-Inland, Inc. in the state of California at any time between January 26, 2008 and the date of Preliminary Approval."

(2) Preliminary Approval of the Settlement and plan of distribution.

(3) Preliminary Approval of the proposed incentive award of $5,000 to the Named Plaintiff in recognition of his time and effort expended on behalf of the Settlement Class.

(4) Preliminary Approval of the proposed settlement administrator.

(5) Preliminary Approval of an amount not to exceed $30,000 for settlement administration services.

(6) Preliminary Approval of distribution of the Settlement Notice pursuant to the terms set forth in the Agreement.

(7) Preliminary approval of the following Schedule for Final Approval of the Settlement:

| Date | Action |
| --- | --- |
| ~~June 18, 2013~~ July 2, 2013 | Preliminary Approval Hearing |
| Within 30 days after preliminary approval is granted | Defendants will provide information to Class Counsel and the Settlement Administrator |
| Within 45 days after preliminary approval is granted | Settlement Administrator will mail Class Notice and Claim Form to the Class Members |
| Within 95 days after preliminary approval is granted | Class Counsel will move for award of reasonable attorneys' fees and costs and class representative service payment |
| Within 105 days after preliminary approval is granted | Deadline to return Claim Forms, opt-out, comment on or object to Settlement |
| Within 115 days after preliminary approval is granted | Class Counsel will move for final approval of Settlement |

| [DATE] December 10, 2013 at 10:00 a.m. | Final Settlement Approval Hearing/Fairness Hearing |
|---|---|
| Within 65 days after (a) service of notice of entry of the Final Approval Order, without any appeals or requests for review, or (b) orders affirming Final Approval Order or denying review | "Payment Obligation and Class Release Date:" Defendant to transfer settlement funds to Settlement Administrator |
| Within 15 days after Payment Obligation and Class Release Date | Settlement Administrator to mail Class Member settlement awards and to pay out fee and expense award, class representative service payment and PAGA Payment |

(9) Should the Settlement Agreement not be finally approved, or should the Effective Date, as the term is defined in the Agreement, not occur, this Order shall be null and void and of no further force and effect, and the parties shall be restored to their respective positions prior to the execution of the Agreement.  Upon such nullification, neither this Order nor the Agreement shall be used or referred to for any purpose in this action or in any other proceeding, and the Agreement and all negotiations thereto shall be inadmissible.

**IT IS SO ORDERED.**

DATED: July 3, 2013

THE HONORABLE PAUL S. GREWAL
United States Magistrate Judge