UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VACA, individually, and on behalf of All Others Similarly Situated for the Benefit of All with Common or General Interest,<br><br>Plaintiff,<br><br>vs.<br><br>TIN, INC., dba TEMPLE-INLAND, INC.; INTERNATIONAL PAPER COMPANY, inclusive,<br><br>Defendants. | Case No. 5:12-cv-01425-PSG<br><br>CLASS ACTION<br><br>**[~~AMENDED PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT OF DISMISSAL**<br><br>Date: December 10, 2013<br>Time: 10:00 a.m.<br>Before: Magistrate Judge Paul Singh Grewal<br>Courtroom 5 – 4th Floor |

This matter came on for hearing on December 10, 2013, upon Plaintiff's Motion for Final Approval of the proposed settlement of this action on the terms set forth in the Stipulation and Settlement Agreement of Class Action and Individual Claims (the "Agreement") attached hereto as Exhibit 1. Due and adequate notice having been given to the members of the Settlement Class, and the Court having considered the Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in this action, *Raymond Vaca, and all others similarly situated v. TIN, Inc., dba*

1

*Temple-Inland, Inc., and International Paper Company*, Case No. 5:12-cv-01425-PSG, ("the Action"), and good cause appearing, finds that:

WHEREAS, Plaintiff has alleged claims against Defendants TIN, Inc., dba Temple-Inland, Inc. and International Paper Company ("Defendants") on behalf of himself and all persons who worked as Corrugator or Converter Facilitators, Supervisors, Lead Men, or Working Foremen in a plant operated by TIN, Inc. dba Temple-Inland, Inc. in the state of California at any time between January 26, 2008 and the date of Preliminary Approval; and

WHEREAS, Plaintiff asserts claims for (1) failure to pay overtime in violation of Labor Code sections 510 and 1194; (2) failure to provide meal or rest periods or compensation in place of those rest periods; (3) knowing and willful failure to comply with the wage statement provisions of Labor Code section 226(a)(e); (4) violation of California's unfair competition law as codified at Business and Professions Code section 17200; and (5) Private Attorneys General Act ("PAGA") penalties pursuant to California Labor Code Section 2699; and

WHEREAS, Defendants expressly deny the allegations of wrongdoing and violations of law alleged in this Action; claim that they always properly classified and compensated their employees; and further deny any liability whatsoever to Plaintiff or to the Class Members; and

WHEREAS, without admitting any liability, claim or defense, the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business disruption of ongoing litigation; and

WHEREAS, the parties agreed to resolve the Action and entered into the Agreement on May 31, 2013, setting forth the terms of the Settlement in this Action; and

WHEREAS, this Court granted preliminary approval of the parties' Agreement in this Action on June 13, 2013 ("Preliminary Approval Order"); and

WHEREAS, notice to the Class members was sent in accordance with the Agreement and the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed Settlement having been duly held and a decision reached,

///

NOW, therefore, the Court grants Final Approval of the Settlement, and

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. To the extent defined in the Stipulation and Settlement Agreement of Class Action and Individual Claims, attached hereto as Exhibit 1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this Action, Plaintiff, Defendants, and the Class.

3. The Court has determined that the notice given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed Settlement – including the plan of distribution of the Settlement Amount, the application for Incentive Award to the Class Representative and the application for a Fee and Expense Award to Class Counsel – constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

4. The Court hereby grants the Motion for Final Approval of the Settlement and approves the Agreement as fair, reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the parties to consummate the Settlement in accordance with the terms of the Agreement.

5. The plan of distribution as set forth in the Agreement providing for the distribution of the Net Settlement Amount to Settlement Class Members is approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. As previously found in the Court's Preliminary Approval Order, the Class, for settlement purposes only, is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

> all persons who, according to IP's payroll records, worked as Corrugator or Converter Facilitators, Supervisors, Lead Men, or Working Foremen in a plant operated by TIN, Inc. dba Temple-Inland, Inc. in the state of California at any time between January 26, 2008 and the date of Preliminary Approval.

///

7.     As previously found in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, the law firms of Rudy, Exelrod, Zieff & Lowe, LLP and JHA Law Offices.

8.     The Court approves the payment of the Fee and Expense Award in the amount of $718,750 to Class Counsel in attorneys' fees plus an amount not to exceed $10,000.00 in Class Counsel's actual out-of-pocket expenses, which shall be paid from, and not in addition to, the Total Maximum Settlement Amount.

9.     The Court approves the payment of reasonable Administration Costs to the Claims Administrator, KCC, in an amount not to exceed $30,000.00, which shall be paid from, and not in addition to, the Total Maximum Settlement Amount.

10.    The Court approves an Incentive Award to Class Representative Raymond Vaca in the amount of $5,000.00, which shall be paid from, and not in addition to, the Total Maximum Settlement Amount.

11.    The Court approves the payment of $7,500.00 from, and not in addition to, the Settlement Amount to the California Labor and Workforce Development Agency as its share of the $10,000.00 PAGA Payment, which shall be paid from, and not in addition to, the Total Maximum Settlement Amount.

12.    The Court hereby dismisses this Action with prejudice.  Without affecting the finality of this Final Judgment and Order, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representative Raymond Vaca, the Class, and the Defendants for the purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, the distribution of the Settlement Payment, the Final Judgment and Order; and (b) hearing and determining the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings shall take place concurrently with the hearing for this Order.

13.    At the hearing on this Motion, the parties brought to the Court's attention that Defendant recently sent notice of this Settlement to several state Attorneys General who had not previously received notice pursuant to 28 U.S.C. § 1715(b).  The Court therefore reserves

exclusive and continuing jurisdiction over the Action, the Class Representative Raymond Vaca, the Class, and the Defendants for the purpose of modifying this Order to address any response to the recently sent notice. No distributions of the Settlement Amount shall occur until the expiration of 90 days from the date notice was sent to the state Attorneys General as required by 28 U.S.C. § 1715(b).

14. Upon entry of this Final Judgment and Order, and by operation of this Final Judgment and Order, the claims in this Action of each Class Member against Defendants and against any and all of the Releasees as defined in the Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Agreement.

15. By operation of this Final Judgment and Order, all members of the Class are hereby forever barred and enjoined from prosecuting the Class Released Claims against any of the Releasees as defined in the Agreement.

16. Each member of the Class is bound by this Final Judgment and Order, including, without limitation, the Class Released Claims as set forth in the Agreement.

17. This Final Judgment and Order and the Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

18. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement, and each party shall retain his, her or its rights to move for or oppose certification of the Class.

///

///

///

///

19.     The Court finds that there is no just reason for delay of entry of this Final Judgment and hereby directs its entry.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: December 12, 2013

THE HONORABLE PAUL SINGH GREWAL
United States Magistrate Judge